## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA BELYEU, *et al.*, for themselves and on behalf of all other persons similarly situated,<br><br>                    Plaintiffs,<br>          v.<br><br>AIR EVAC EMS, INC., d/b/a Air Evac Lifeteam,<br><br>                    Defendant. | Case No. 3:21-CV-00422-MAB<br><br>CJRA Track: N/A<br><br>Trial Date: N/A<br><br>Magistrate Judge Mark A. Beatty |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

There are sixteen named plaintiffs in this case: fifteen who were transported by air ambulance outside of the state of Illinois, and only one, Jeffrey Flynn, who was transported in another judicial district in Illinois. Under Federal Rule of Civil Procedure 12(b)(2), Defendant Air Evac EMS Inc. respectfully requests that this Court dismiss the claims of the fifteen non-Illinois Plaintiffs named in this action for lack of personal jurisdiction. Defendant is not "at home" in the State of Illinois, for purposes of general personal jurisdiction. And the claims of the fifteen non-resident Plaintiffs do not relate to Air Evac's contacts with Illinois, as necessary for the exercise of specific personal jurisdiction. It follows that this Court cannot exercise personal jurisdiction over Air Evac with respect to the claims of these non-Illinois Plaintiffs. They should therefore be dismissed.

Separately, under Federal Rule of Civil Procedure 12(b)(3), Air Evac respectfully requests that this Court dismiss all Plaintiffs' claims based on improper venue. None of the named Plaintiffs resides or was transported in the Southern District of Illinois, and no substantial part of the events or omissions giving rise to their claims occurred in this District. As such, this Court is not the proper venue for litigating Plaintiffs' claims—including Plaintiff Flynn's claims. They should be dismissed.

For these reasons, which are stated in more detail in Air Evac's accompanying Memorandum of Law, Air Evac requests that this Court enter an Order dismissing Plaintiffs' Complaint in full.

Dated:  September 7, 2021

Respectfully submitted,

/s/ Kyle P. Seelbach

Joshua L. Fuchs
(*pro hac vice forthcoming*)
Nicole M. Perry
(*pro hac vice forthcoming*)
JONES DAY
717 Texas St. #3300
Houston, TX 77002-2712
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
jlfuchs@jonesday.com
nmperry@jonesday.com

Kyle P. Seelbach
HUSCH BLACKWELL
190 Carondelet Plaza, Suite 600
St. Louis, MO 63104
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505
Kyle.Seelbach@huschblackwell.com

*Counsel for Defendant Air Evac EMS, Inc.*

Charlotte H. Taylor
(*pro hac vice forthcoming*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
ctaylor@jonesday.com

*Counsel for Defendant Air Evac EMS, Inc.*

2

TERESA BELYEU, *et al.*, for themselves and
on behalf of all other persons similarly situated,

           Plaintiffs,

   v.

AIR EVAC EMS, INC.,

           Defendant.

Case No.  3:21-CV-00422-MAB

CJRA Track: N/A

Trial Date: N/A

Magistrate Judge Mark A. Beatty

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Joshua L. Fuchs
(*pro hac vice forthcoming*)
Nicole M. Perry
(*pro hac vice forthcoming*)
JONES DAY
717 Texas St. #3300
Houston, TX 77002-2712
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
jlfuchs@jonesday.com
nmperry@jonesday.com

Charlotte H. Taylor
(*pro hac vice forthcoming*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
ctaylor@jonesday.com

*Counsel for Defendant Air Evac EMS, Inc.*

Kyle P. Seelbach
HUSCH BLACKWELL
190 Carondelet Plaza, Suite 600
St. Louis, MO 63104
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505
Kyle.Seelbach@huschblackwell.com

*Counsel for Defendant Air Evac EMS, Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND .................................................................................................................. 2

    A.    Factual Background Regarding the Named Plaintiffs' Claims .................................. 2

    B.    The Named Plaintiffs' Legal Claims .................................................................... 8

LEGAL STANDARDS ........................................................................................................ 8

ARGUMENT ....................................................................................................................... 9

I.    THE OUT-OF-STATE NAMED PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION ................................................................................... 9

    A.    Every Named Plaintiff Must Establish General Or Specific Personal Jurisdiction For Their Claims Against Air Evac ................................................... 9

    B.    The Fifteen Out-of-State Named Plaintiffs Have Not Established General Jurisdiction For Their Claims Against Air Evac .................................... 12

    C.    The Fifteen Out-of-State Named Plaintiffs Have Not Established Specific Personal Jurisdiction For Their Claims Against Air Evac ................... 13

II.    THIS DISTRICT IS NOT THE PROPER VENUE FOR ANY NAMED PLAINTIFF'S CLAIMS ...................................................................................... 15

CONCLUSION ................................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Al Haj v. Pfizer Inc.*,
   338 F. Supp. 3d 741 (N.D. Ill. 2018) ..................................................................... 14

*Aspen Am. Ins. Co. v. Interstate Warehousing Inc.*,
   2017 IL 121281 ............................................................................................................ 13

*Baity v. Johnson & Johnson*,
   No. 3:20-cv-01367, 2021 WL 1401460 (S.D. Ill. Apr. 14, 2021) ........................... 9, 14, 16

*Bakopoulos, et al. v. Mars Petcare US, Inc.*,
   No. 20CV6841, 2021 WL 2915215 (N.D. Ill. July 12, 2021) ...................................... 10, 14

*BeRousse v. Janssen Rsch. & Dev., LLC*,
   No. 3:17-cv-00716, 2017 WL 4255075 (S.D. Ill. Sept. 26, 2017) ............................... 14, 15

*BNSF Ry. Co. v. Tyrrell*,
   137 S. Ct. 1549 (2017) .................................................................................................. 11

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*,
   137 S. Ct. 1773 (2017) ............................................................................................ *passim*

*Cont'l Ins. Co. v. M/V ORSULA*,
   354 F.3d 603 (7th Cir. 2003) ...................................................................................... 16

*Cote v. Wadel*,
   796 F.2d 981 (7th Cir. 1986) ...................................................................................... 16

*Daimler AG v. Baumann*,
   571 U.S. 117 (2014) ......................................................................................... 10, 11, 13

*Deb v. SIRVA, Inc.*,
   832 F.3d 800 (7th Cir. 2016) ...................................................................................... 16

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*,
   141 S. Ct. 1017 (2021) ........................................................................................... *passim*

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ..................................................................................................... 12

*Graham v. McGrath*,
   363 F. Supp. 2d 1030 (S.D. Ill. 2005) ......................................................................... 9

*Greene v. Mizuho Bank*,
   289 F. Supp. 3d 870 (N.D. Ill. 2017) ......................................................................... 14

*Jett v. Warrantech Corp.*,
   436 F. Supp. 3d 1170 (S.D. Ill. 2020) ........................................................................ 9

*Kipp v. Ski Enterp. Corp. of Wisc.*,
   783 F.3d 695 (7th Cir. 2015) ....................................................................................... 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Kurt v. Platinum Supp. Ins., Inc., et al.,*
No. 19 C 4520, 2021 WL 3109667 (N.D. Ill. July 22, 2021)......................................................10, 14

*Lyngaas v. Ag,*
992 F.3d 412 (6th Cir. 2021)...........................................................................................................10

*Monkton Ins. Servs., Ltd. v. Ritter,*
768 F.3d 429 (5th Cir. 2014)...........................................................................................................12

*Muir v. Nature's Bounty (DE), Inc.,*
No. 15 C 9835, 2018 WL 3647115 (N.D. Ill. Aug. 1, 2018) .............................................................14

*Mussat v. IQVIA, Inc.,*
953 F.3d 441 (7th Cir. 2020)........................................................................................................9, 10

*N. Grain Mktg., LLC v. Greving,*
743 F.3d 487 (7th Cir. 2014)......................................................................................................10, 11

*New Orleans & Gulf Coast Ry. Co. v. Barrois,*
533 F.3d 321 (5th Cir. 2008)...........................................................................................................10

*Perez v. Air & Liquid Sys. Corp.,*
No. 3:16-cv-00842, 2016 WL 7049153 (S.D. Ill. Dec. 2, 2016) .....................................................13

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.,*
338 F.3d 773 (7th Cir. 2003)........................................................................................................2, 8

*Steel Warehouse of Wisc., Inc. v. Leach,*
154 F.3d 712 (7th Cir. 1998)............................................................................................................8

*Stell v. Gibco Motor Express, LLC,*
No. 3:15-cv-1105, 2016 WL 2620178 (S.D. Ill. May 9, 2016) .......................................................10

*Sweet v. BJC Health Sys.,*
No. 3:20-cv-00947, 2021 WL 2661569 (S.D. Ill. June 29, 2021)....................................................12

*Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.,*
304 F. Supp. 2d 1018 (N.D. Ill. 2004).............................................................................................2, 8

*United States ex rel. Hedley v. ABHE & Svoboda, Inc.,*
No. 11-CV-0348, 2014 WL 12740150 (S.D. Ill. Sept. 16, 2019) ...................................................16

**STATUTES**

28 U.S.C. § 93 .................................................................................................................................15

28 U.S.C. § 1332 .............................................................................................................................10

28 U.S.C. § 1391 ...........................................................................................................................9, 15

28 U.S.C. § 1406 ...........................................................................................................................9, 16

49 U.S.C. § 41713............................................................................................................................1

735 ILCS § 5/2-209.........................................................................................................................10

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

OTHER AUTHORITIES

Fed. R. Civ. P. 4 ...................................................................................................................................10

Fed. R. Civ. P. 12 ...............................................................................................................................8, 9

Wright & Miller, Fed. Prac. & Proc. § 3827 ..................................................................................16

## INTRODUCTION

This putative class action is brought by sixteen named plaintiffs against Defendant Air Evac EMS, Inc. ("Air Evac"), a federally registered air carrier providing emergency air-ambulance transportation to critically ill and injured patients around the country.  Air Evac transported each Plaintiff (or his or her relative) to a medical facility, where the injured or critically ill patient could receive the elevated level of care required.  Before or after the transport, many of the Plaintiffs or their representatives signed a form (some of them signed *two* forms) acknowledging their responsibility to pay Air Evac's billed charges for the life-saving care they received.  But in this suit, Plaintiffs assert that they owe Air Evac *nothing* for these transports, or alternatively, only a reduced, "reasonable" amount under state law—a result they improbably claim follows from the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(1), which in fact leaves air-ambulance charges to the market and preempts state law claims that aim to reduce those rates by state fiat to an amount deemed "reasonable" (or to zero).

Plaintiffs' legal theories lack merit; but this Court need not and should not address the substance of Plaintiffs' claims, because dismissal is warranted now for the basic reason that Plaintiffs have filed suit in the wrong place.  Specifically, this Court lacks personal jurisdiction over the fifteen out-of-state Plaintiffs' claims; and this District is not the proper venue for the claims of any Plaintiff, including the lone Plaintiff who was transported in Illinois—Jeffrey Flynn—because his transport took place in a different judicial district.  Black-letter law requires each named plaintiff in a putative class action to establish personal jurisdiction over the defendant.  Air Evac (a Missouri corporation) is not subject to general personal jurisdiction in Illinois.  Specific personal jurisdiction also does not exist here for the out-of-state plaintiffs.  While Air Evac has Illinois operations, none of the events relating to those plaintiffs' claims arose from Air Evac's Illinois activities.  That leaves only Flynn, but none of the events relevant to his claims (or the other named Plaintiffs') occurred in this District—so

1

he is in the wrong venue.  The Complaint should be dismissed in its entirety.

## BACKGROUND

Plaintiffs are sixteen individuals who either personally received emergency air-ambulance transportation from Air Evac somewhere in the country, or who are related to a patient who did. Fifteen of the sixteen named Plaintiffs were transported outside out of Illinois, and neither their transports, nor any of the activity relevant to their claims against Air Evac, took place in Illinois.  Only the sixteenth—Plaintiff Flynn—was transported in Illinois; neither his transport, nor any of the activity relevant to his claims, occurred in the Southern District of Illinois.

### A.     Factual Background Regarding the Named Plaintiffs' Claims

**1.  Plaintiff Teresa Belyeu.**  Belyeu is a resident of Taylor County, Texas, and none of the events relevant to her claims took place in Illinois.  Complaint ("Compl.") ¶¶ 33–40; Declaration of Seth Myers ("Myers Dec.") ¶¶ 21–23.[1]  On November 10, 2015, Air Evac transported Belyeu from Abilene Regional Medical Center in Abilene, Texas, to Baylor University Medical Center in Dallas, Texas, where Belyeu could receive appropriate care for a severe infection that left her in septic shock. Compl. ¶¶ 34–35.  Belyeu signed a form before the transport acknowledging her responsibility for Air Evac's billed charges; she signed a second, similar form after the transport.  Motion to Dismiss Exhibit ("MTD Ex.") A.   Air Evac's ordinary billed charges for the flight and associated services were $51,593.61; Belyeu's insurer paid only $7,364.40.  Compl. ¶¶ 37–38.  Air Evac tried to work with Belyeu to resolve the balance her insurance would not cover, including via a potential "65% self-pay

---

[1] Any facts taken from the Complaint are assumed true only for purposes of this motion and only when not controverted by affidavit or other documentary evidence.  *See Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004).  Air Evac does not admit the facts alleged in the Complaint, and should its motion to dismiss be denied, reserves the right to dispute them later.  In considering Air Evac's motion to dismiss for lack of jurisdiction, this Court can rely on declarations and other materials outside the pleadings.  *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003).

discount." Compl. Ex. 1 at 3. Ultimately, the "seriously delinquent" account was referred to collections. Compl. ¶ 39; Compl. Ex. 1 at 4–5.

**2. Plaintiff Gary Budnick.** Budnick is a resident of Fairfield County, Ohio, and no events relevant to his claims took place in Illinois. Compl. ¶¶ 41–47; Myers Dec. ¶¶ 21–23. On November 7, 2017, Budnick fell from a tree and broke his back. Compl. ¶ 42. Air Evac transported Budnick from Hawking Valley Community Hospital in Logan, Ohio, to Grant Medical Center in Columbus, Ohio, where Budnick could receive necessary treatment. Compl. ¶ 43–44. Before the transport, Budnick's spouse signed a form acknowledging financial responsibility for Air Evac's billed charges. MTD Ex. B. Air Evac's charges for the transport were $34,120.75; Budnick's insurer paid only $9,597.72. Compl. ¶¶ 45–46. Air Evac attempted to work with Budnick to resolve the outstanding balance, including through an application for a reduction of the bill due to financial hardship. Compl. ¶ 46; Compl. Ex. 2 at 1–5. Ultimately, the overdue account was sent to collections. Compl. ¶ 47.

**3. Plaintiff Keith Cotten**. Cotten is a resident of Kiowa County, Oklahoma, and none of the events relevant to his claims took place in Illinois. Compl. ¶¶ 48–54; Myers Dec. ¶¶ 21–23. On April 26, 2019, Air Evac transported Cotten from Elk View General Hospital in Hobart, Oklahoma, to Oklahoma Heart Hospital in Oklahoma City—a transport recommended by Cotten's treating physician after Cotten complained of severe chest pains. Compl. ¶¶ 49–50. Before the transport, Cotten signed a form acknowledging his responsibility for Air Evac's charges; he signed another form (which included the exact dollar amount of Air Evac's charges) after the flight. MTD Ex. C. Air Evac's billed charges for the transport were $54,565.72; Cotten's insurer paid just $20,353.72. Compl. ¶¶ 52–53; Ex. 3 at 1. Air Evac sought payment of the balance from Cotten. Compl. ¶ 54.

**4. Brigitte Diaz.** Diaz is a resident of Humphreys County, Tennessee, and the events relevant to her claims did not occur in Illinois. Compl. ¶¶ 48–54; Myers Dec. ¶ 21–23. On July 30, 2019, at the request of first responders, Air Evac transported Diaz from her home in McEwen,

Tennessee, to Skyline Medical Center in Nashville, Tennessee, because Diaz was in anaphylactic shock. Compl. ¶¶ 56–57.  Before the transport, Diaz signed a form acknowledging her responsibility for Air Evac's billed charges.  MTD Ex. D; *but see* Compl. ¶ 58 (alleging that Diaz "does not recall" signing the form and "was unable to effectively communicate" with Air Evac's personnel in the helicopter). Air Evac's charges for the transport were $51,239.24; Diaz (who was uninsured at the time) paid Air Evac $400.  Compl. ¶¶ 59–60; Compl. Ex. 4 at 1–2.  The balance was eventually referred to collections. Compl. Ex. 4 at 2.

 **5. Plaintiff Amanda Dyke**.  Dyke is a resident of Baxter County, Arkansas, and none of the events relevant to her claims occurred in Illinois.  Compl. ¶¶ 62–67; Myers Dec. ¶¶ 21–23.  On April 26, 2919, Air Evac transported Dyke's minor child (K.D.) from a hospital in Mountain Home, Arkansas, to a hospital in Springfield, Missouri, where the child (who was in "intense pain") could receive spleen surgery following a bicycle wreck.  Compl. ¶¶ 63–64; Compl. Ex. 5 at 14.  Before the flight, Dyke signed a consent form acknowledging her obligation to pay Air Evac's billed charges; Dyke signed a similar form after the transport  MTD Ex. E; *contra* Compl. ¶¶ 64–65 (despite knowing Air Evac was out-of-network, alleging that Dyke signed "a consent form" but that "cost was never mentioned").  Air Evac's billed charges for the transport were $52,379.95, but Dyke's insurer paid only $9,639.71.  *See* Compl. Ex. 5 at 1, 14–16.

 **6. Plaintiff Timothy Garrett.**  Garrett resides in Dodge County, Georgia; no events relevant to his claims took place in Illinois.  Compl. ¶¶ 76–82; Myers Dec. ¶¶ 21–23.  On May 7, 2019, Air Evac transported Garrett from Eastman, Georgia, to Navicent Health in Macon, Georgia, after Garrett was injured in a construction site accident.  Compl. ¶¶ 77–80.  After the flight, Garrett signed a form which included the dollar amount of Air Evac's charges and acknowledged his responsibility for them.  MTD Ex. F.  Air Evac's billed charges were $45,743.15; Garrett's insurer paid only $12,458.91.  Compl. ¶¶ 81–82.

7.   **Plaintiff Tina Gerlich.**   Gerlich resides in Maury County, Tennessee, and the events relevant to her claims did not take place in Illinois.  Compl. ¶¶ 83–89; Myers Dec. ¶¶ 21–23.  On June 29, 2019, Air Evac transported Gerlich to Vanderbilt University Medical Center in Nashville, Tennessee, after she was injured in Tennessee in a motorcycle accident.  Compl. ¶¶ 84–86.  Gerlich signed a post-transport form listing Air Evac's exact charges and acknowledging her responsibility to pay them.  MTD Ex. G.  Air Evac's billed charges for the transport were $55,067.82; Gerlich's insurer paid only $14,161.09.  Compl. ¶¶ 87–88; Compl. Ex. 8 at 1.  The account was eventually referred to collections.  Compl. Ex. 8 at 2.

8.   **Plaintiff Ryan Gleason.**   Gleason is a resident of Oklahoma County, Oklahoma; no events relevant to his claims took place in Illinois.  Compl. ¶¶ 90–95; Myers Dec. ¶¶ 21–23.  On November 19, 2020, Air Evac transported Gleason from Choctaw, Oklahoma, to a hospital in Oklahoma City, after Gleason was injured in a motorcycle accident.  Compl. ¶¶ 91–93.  Air Evac's billed charges for the transport were $36,542.00; Gleason was uninsured at the time. Compl. ¶¶ 94–95.

9.   **Plaintiff Patrick Johnson.**   Johnson resides in Colbert County, Alabama, and none of the events relevant to his claims occurred in Illinois.  Compl. ¶¶ 96–100; Myers Dec. ¶¶ 21–23.  On July 17, 2020, Air Evac transported Johnson from Tuscumbia, Alabama, to the University of Alabama Hospital in Birmingham, Alabama.  Compl. ¶ 97.  Before the transport, a relative (Jennifer Johnson) signed a form acknowledging the patient's responsibility for Air Evac's billed charge.  MTD Ex. H.  Air Evac's billed charges were $58,077.62; Johnson's insurer paid only $19,341.80.  Compl. ¶¶ 99–100; Compl. Ex. 10.

10.   **Plaintiff Takeria Jordan.**   Jordan resides in Wayne County, Georgia, and no events relevant to her claims occurred in Illinois.  Compl. ¶¶ 101–08; Myers Dec. ¶¶ 21–23.  On April 11, 2017, Air Evac transported Jordan from Wayne Memorial Hospital in Jessup Georgia, to Memorial Health University in Savannah, Georgia, after Jordan was injured in an auto accident and equipment

at Wayne Memorial malfunctioned.  Compl. ¶¶ 102–03.  Air Evac's ordinary billed charges for the transport were $42,727.91; Jordan was uninsured at the time.  Compl. ¶¶ 105–06.  The overdue account was eventually referred to collections.  Compl. ¶ 107; Compl. Ex. 11 at 2.

11.   **Plaintiff Jerry Pendley.**  Pendley resides in Cleveland County, Oklahoma; no events relevant to his claims took place in Illinois.  Compl. ¶¶ 109–14; Myers Dec. ¶¶ 21–23.  On March 30, 2017, Air Evac transported Pendley from Mercy Hospital in Ada, Oklahoma, to Oklahoma Heart Hospital in Oklahoma City, Oklahoma.  Compl. ¶¶ 109–11.  Before and after the transport, he signed forms acknowledging his responsibility for Air Evac's billed charges.  MTD Ex. I; *contra* Compl. ¶ 111.  Air Evac's billed charges were $44,775.63; Pendley's insurer paid only $15,507.34.  Compl. ¶¶ 113–14.

12.   **Plaintiff Vincent Polson.**  Polson resides in Dallas County, Texas, and the events relevant to his claims did not occur in Illinois.  Compl. ¶¶ 115–20; Myers Dec. ¶¶ 21–23.  On February 16, 2018, Air Evac transported Polson from Weatherford, Texas, to John Peter Smith Hospital in Fort Worth, Texas, after a car accident.  Compl. ¶ 117.  Before the transport, Polson signed a form acknowledging his responsibility to pay Air Evac's billed charges.  MTD Ex. J; *see* Compl. ¶ 117 (alleging that Polson was "disoriented" and "does not recall" signing this form).  Air Evac's billed charges for the transport were $51,361.34; Polson's insurance paid just $13,827.87.  Compl. ¶¶ 118–19.  Air Evac communicated with Polson to recover the unpaid balance.  Compl. ¶ 120; Compl. Ex. 12 at 1–3.

13.   **Plaintiff Marina Stark.**  Stark resides in Tulsa County, Oklahoma, and the events relevant to her claims did not take place in Illinois.  Compl. ¶¶ 121–25; Myers Dec. ¶¶ 21–23.  On August 12, 2016, Air Evac transported Stark from Broken Bow Lake in McCurtain County, Oklahoma, to Paris Regional Hospital in Paris, Texas.  Compl. ¶ 122.  After the transport, Stark executed a form authorizing Air Evac to submit a claim for payment to her insurer.  MTD Ex. K.  Air Evac's billed charges were $41,550.69; Stark's insurer paid $28,020.17.  Compl. ¶¶ 124–25.

14. **Plaintiff Glen Thompson.**   Thompson is a resident of Oklahoma County, Oklahoma, and all events relevant to his claims occurred outside Illinois.  Compl. ¶¶ 126–30; Myers Dec. ¶¶ 21–23. On June 7, 2016, Air Evac transported Thompson from Alliance Health Hospital in Woodward, Oklahoma, to Integris Baptist Hospital in Oklahoma City, Oklahoma.  Compl. ¶ 127.  Before the transport, Thompson's spouse signed a form acknowledging the patient's responsibility for Air Evac's billed charges.  MTD Ex. L.  Air Evac's billed charges were $50,193.02; Thompson was uninsured at the time of transport.  Compl. ¶¶ 129–30.

15. **Plaintiff Jonathan Waters.**   Waters resides in Tulsa County, Oklahoma, and the events relating to his claims did not occur in Illinois.  Compl. ¶¶ 131–36; Myers Dec. ¶¶ 21–23.  On April 6, 2020, Air Evac transported Waters from his home in Arkansas to Cox Medical in Branson, Missouri. Compl. ¶ 132.  Before the transport, Waters signed a form acknowledging his responsibility for Air Evac's billed charges.  MTD Ex. M; *but see* Compl. ¶ 133 (alleging he was "medicated" and "does not recall" signing a form before transport).  Air Evac's billed charges for the transport were $43,270.00; Waters' insurance paid just $8,481.45.  Compl. ¶¶ 134–35.  The account was eventually referred to collections.  Compl. ¶ 136; Compl. Ex. 16 at 4–5.

16. **Plaintiff Jeffrey Flynn.**   The lone Illinois Plaintiff is Flynn.  He resides in Morgan County, Illinois, but nothing relevant to his claims occurred in areas within the Southern District of Illinois. Compl. ¶¶ 68–75; Myers Dec. ¶¶ 21–23.  On May 14, 2017, after Flynn suffered a heart attack, Air Evac transported him from a hospital in Jacksonville, Illinois, to Memorial Medical Center in Springfield, Illinois—a transport ordered by Flynn's doctor over his objection.  Compl. ¶¶ 69–70. Flynn signed a form prior to the transport acknowledging his responsibility for Air Evac's billed charges.  MTD Ex. N; *see* Compl. ¶ 71 (alleging Flynn does not recall this).  Air Evac's billed charges for the flight were $42,741.26; Flynn was uninsured at the time.  Compl. ¶¶ 72–73.  After Air Evac

7

unsuccessfully attempted to resolve the past-due amount, it was referred to collections.  Compl. ¶¶ 74–75; Compl. Ex. 6 at 1–4.

### B.      The Named Plaintiffs' Legal Claims

*First*, Plaintiffs seek a declaration that Air Evac has no express or implied-in-fact contract with Plaintiffs; that the ADA preempts any non-contractual right to payment Air Evac would otherwise have; and that Air Evac's efforts to collect payment are therefore unlawful.  Compl. ¶ 166.  Plaintiffs also seek injunctive and other relief, such as an order forbidding future collection and charging efforts under these circumstances, and disgorgement of sums collected unlawfully.  Compl. ¶¶ 167–70.

*Second*, Plaintiffs alternatively assert that they and Air Evac formed, and Air Evac breached, implied-in-fact contracts to transport them for a "reasonable" amount determined after-the-fact by a court under applicable state law.  Compl. ¶¶ 171–77.

## LEGAL STANDARDS

Rule 12(b)(2): Federal Rule of Civil Procedure 12(b)(2) requires dismissal when the court lacks personal jurisdiction over a plaintiff's claims against a defendant.  "[A] complaint need not include facts alleging personal jurisdiction."  *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998).  However, when a defendant moves for dismissal under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction.  *Kipp v. Ski Enterp. Corp. of Wisc.*, 783 F.3d 695, 697 (7th Cir. 2015).  "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."  *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781–83 (7th Cir. 2003).  "Any conflicts in affidavits or pleadings must be resolved in [the plaintiff's] favor, but the court accepts as true any unrefuted facts offered by defendants."  *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004).  And if "the plaintiff's

prima facie case" is "overcome by uncontradicted evidence which defeats jurisdiction," the case should be dismissed. *Graham v. McGrath*, 363 F. Supp. 2d 1030, 1033 (S.D. Ill. 2005).

<u>Rule 12(b)(3)</u>: Federal Rule of Civil Procedure 12(b)(3) provides for dismissal for improper venue. "When a defendant moves to dismiss for improper venue, the plaintiff bears the burden of showing that venue is proper." *Baity v. Johnson & Johnson*, No. 3:20-cv-01367, 2021 WL 1401460, at *3 (S.D. Ill. Apr. 14, 2021). 28 U.S.C. § 1391 provides two primary venue options in diversity cases: (1) the judicial district in which any defendant resides, if all defendants reside in the state where the district is located, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1), (2). "[I]f there is no district in which an action may otherwise be brought as provided in this section," venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3).

Where a case has been filed in the wrong venue, the court shall dismiss, or it may transfer the case to a venue "in which it could have been brought" if it is "in the interest of justice." 28 U.S.C. § 1406. "Courts have discretion to dismiss or transfer . . . ." *Baity*, 2021 WL 1401460, at *3.

## ARGUMENT

## I.   THE OUT-OF-STATE NAMED PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION

### A.   Every Named Plaintiff Must Establish General Or Specific Personal Jurisdiction For Their Claims Against Air Evac.

It is settled law that each named plaintiff in a class action under Rule 23 must establish that the court has personal jurisdiction over her claims against the defendant. "We see no reason why personal jurisdiction should be treated any differently from subject-matter jurisdiction and venue," as the Seventh Circuit has held "the named representatives must be able to demonstrate either general or specific personal jurisdiction." *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020); *see, e.g., Jett*

*v. Warrantech Corp.*, 436 F. Supp. 3d 1170, 1178 (S.D. Ill. 2020) ("in a class action, it is the named plaintiff's claim that must arise out of or result from the defendant's forum-related activities"); *Kurt v. Platinum Supp. Ins., Inc., et al.*, No. 19 C 4520, 2021 WL 3109667, at *7 (N.D. Ill. July 22, 2021) ("named representatives must be able to demonstrate either general or specific jurisdiction" in the forum court over their claims against a particular defendant" (cleaned up)); *Bakopoulos, et al. v. Mars Petcare US, Inc.*, No. 20CV6841, 2021 WL 2915215, at *4 (N.D. Ill. July 12, 2021) ("White, Miller, and Phend are named plaintiffs, and must demonstrate personal jurisdiction over Mars for each of their claims").[2]

This is a diversity case because the only basis for this Court's subject-matter jurisdiction is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Compl. ¶ 1; *see, e.g., Stell v. Gibco Motor Express, LLC*, No. 3:15-cv-1105, 2016 WL 2620178, at *2 (S.D. Ill. May 9, 2016) ("CAFA established a new form of diversity-based subject matter jurisdiction" for certain class actions). Although Plaintiffs assert that federal-question jurisdiction also exists based on ADA preemption (Compl. ¶ 1), that is incorrect. *See, e.g., New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008) (citing cases and commentary, and agreeing that "there is no federal jurisdiction of an action for a private party that federal law has preempted a duty he would otherwise owe to another private party" (citation omitted)).

In diversity cases, a federal court's personal jurisdiction over each named plaintiff rests on whether "the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Daimler AG v. Baumann*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdictions over persons"); Fed. R. Civ. P. 4(k)(1)(A). Here, Illinois's "long-arm" statute allows courts to exercise jurisdiction over a defendant so long as it would be consistent with the U.S. Constitution. *Greving*, 743 F.3d at 491–92; 735 ILCS § 5/2-209(c). "Thus, the statutory

---

[2] Although not at issue here, personal jurisdiction must also exist over the unnamed plaintiffs' claims. *See Lyngaas v. Ag*, 992 F.3d 412, 438 (6th Cir. 2021); *but see Mussat*, 953 F.3d at 447.

question merges with the constitutional one," and the only question facing this Court is whether exercising personal jurisdiction over the Plaintiffs' claims against Air Evac is consistent with the Due Process Clause of the Fourteenth Amendment. *Greving*, 743 F.3d at 492; *see, e.g.*, *Daimler*, 571 U.S. at 125 (adopting the same approach).

Personal jurisdiction under the Fourteenth Amendment turns "on the nature and extent of the defendant's relationship to the forum State." *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779 (2017)). The U.S. Supreme Court has "recogniz[ed] two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford*, 141 S. Ct. at 1024.

General jurisdiction allows a defendant to be sued in a State's courts for "any and all claims," even if they do "not relate to the Forum state or the defendant's activity there." *Ford*, 141 S. Ct. at 1024. Such sweeping jurisdiction is appropriate, however, only when the company's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 571 U.S. at 139 (cleaned up). Save for an "exceptional case," a corporation is "at home" in one of two "paradigm" forums: its "place of incorporation" and its "principal place of business." *Daimler*, 571 U.S. at 137–39 & n.19; *see Ford*, 141 S. Ct. at 1024; *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (Montana courts lacked general jurisdiction over a railroad that was not incorporated and did not principally do business in Montana, even though it had "over 2,000 miles of railroad track and more than 2,000 employees in Montana").

Specific jurisdiction applies to "defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford*, 141 S. Ct. at 1024. Specific jurisdiction subjects the defendant to suit when "[t]he plaintiff's claims . . . arise out of or relate to the defendant's contacts with the forum." *Id.* at 1025 (quoting *Bristol-Myers*, 137 S. Ct. at 1780). Those contacts must arise from "the

defendant's own choice," and "must show that the defendant deliberately reached out beyond its home" and into the forum State. *Id.* (cleaned up). "Yet even then," the Supreme Court has held, "the forum State may exercise jurisdiction in only certain cases." *Id.* "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Bristol-Myers*, 137 S. Ct. at 1781 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011) (alteration omitted)). In other words, "[w]hat is needed–and what is missing here–is a connection between the forum and the specific claims at issue." *Id.* "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*

Here, these settled principles of personal jurisdiction dictate that the fifteen non-Illinois Plaintiffs' claims be dismissed for lack of personal jurisdiction.

**B.      The Fifteen Out-of-State Named Plaintiffs Have Not Established General Jurisdiction For Their Claims Against Air Evac.**

First, general personal jurisdiction is lacking because Air Evac is not incorporated in Illinois and does not have its principal place of business there. Air Evac is a Missouri company, and its principal place of business is in O'Fallon, Missouri. Myers Dec. ¶ 4; Compl. ¶ 30 (acknowledging this).

Plaintiffs also do not allege, and cannot establish, any facts that would make this the "exceedingly rare" case where Air Evac is at home in a State other than Missouri. *Sweet v. BJC Health Sys.*, No. 3:20-cv-00947, 2021 WL 2661569, at *2 (S.D. Ill. June 29, 2021); *see, e.g., Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business"). Accordingly, this Court lacks general jurisdiction over Air Evac. Plaintiffs allege only that Air Evac is "authorized to do business and [is] conducting business throughout the State of Illinois," Compl. ¶ 2, while also alleging that Air Evac operates over 140 bases across 15 States, Compl. ¶¶ 30, 148—with nine alleged Illinois bases. But engaging in substantial business in Illinois does not alone create general jurisdiction.

*See Daimler*, 571 U.S. at 137–38 ("the exercise of general jurisdiction in every State" where a company "engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping"); *id.* at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them"); *Perez v. Air & Liquid Sys. Corp.*, No. 3:16-cv-00842, 2016 WL 7049153, at *4–9 (S.D. Ill. Dec. 2, 2016) (no general jurisdiction over GE, even though it "does business in Illinois" and is "registered to do business" there); *Aspen Am. Ins. Co. v. Interstate Warehousing Inc.*, 2017 IL 121281, ¶¶ 21–22 (rejecting the argument that Illinois's long-arm statute confers general jurisdiction simply where a defendant is "doing business" or is "registered to do business" in Illinois).

### C.   The Fifteen Out-of-State Named Plaintiffs Have Not Established Specific Personal Jurisdiction For Their Claims Against Air Evac.

*Second*, specific personal jurisdiction is lacking for the claims of the fifteen out-of-state Plaintiffs because there is no connection between Illinois "and the specific claims at issue." *Bristol-Myers*, 137 S. Ct. at 1781. *Bristol-Myers*, which applied the Supreme Court's "settled principles regarding specific jurisdiction," is particularly instructive here. *Id.*. There, the Court held that California courts lacked specific jurisdiction over out-of-state plaintiffs' claims against Bristol-Myers Squibb for injuries allegedly caused by ingesting the drug Plavix (which Bristol-Myers manufactured). That is because there was no "adequate link between [California] and the nonresidents' claims:" The out-of-state parties did not reside in California, were not prescribed the drug in California, did not purchase the drug in California, and were not injured in California. *Id.* As such, "the forum State, and the defendant's activities there, lacked any connection to the plaintiff's claims." *Ford*, 141 S. Ct. at 1031. Specific jurisdiction was therefore lacking over these non-resident plaintiffs' claims because they could not demonstrate "a connection between" California and their "specific claims at issue." *Bristol-Myers*, 137 S. Ct. at 1781. That was true, the Court ruled, "even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents." *Id.* And it was true even though Bristol-Myers Squibb maintained five research and laboratory facilities in California;

13

employed over 400 California R&D and sales employees; maintained a lobbying office in California; and earned over $900 million from selling 187 million Plavix pills in California.  *Id.* at 1778.

Illinois federal courts have repeatedly applied these same specific-jurisdiction principles to dismiss claims by named plaintiffs where those claims lack any factual link to Illinois or the defendant's Illinois activities.  *See, e.g., Kurt*, 2021 WL 3109667, at *6–7 (dismissing non-resident named plaintiffs' claims because their "injuries do not arise from or relate to" the defendant's "Illinois activities"); *Bakopoulos*, 2021 WL 2915215, at *4 (same); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 752–53 (N.D. Ill. 2018) (same); *Greene v. Mizuho Bank*, 289 F. Supp. 3d 870, 873–77 (N.D. Ill. 2017) (same); *Muir v. Nature's Bounty (DE), Inc.*, No. 15 C 9835, 2018 WL 3647115, at *3–5 (N.D. Ill. Aug. 1, 2018) (same); *BeRousse v. Janssen Rsch. & Dev., LLC*, No. 3:17-cv-00716, 2017 WL 4255075, at *3–4 (S.D. Ill. Sept. 26, 2017) (dismissing "non-Illinois plaintiffs' claims" because they "involved no harm in Illinois and no harm to Illinois residents," and because "all conduct giving rise to the non-Illinois plaintiffs' claims occurred elsewhere").  Instead,  "non-Illinois Plaintiffs should bring their actions in the forums where the activities giving rise to their claims occurred." *Baity*, 2021 WL 1401460, at *3.  Plaintiffs may not "engage[] in forum-shopping" by bringing suit in States or districts they believe to be "plaintiff-friendly, even though their cases ha[ve] no tie to the State." *Ford*, 141 S. Ct. at 1031.

Here, fifteen of the named Plaintiffs do not reside in Illinois.  *Supra* at 2–8 (summarizing Plaintiffs' factual allegations).  There is no connection between any of Air Evac's Illinois activities and these Plaintiffs' claims, and—unsurprisingly—Plaintiffs do not allege one.  Myers Dec. ¶¶ 21–23; *supra* at 2–8 (summarizing Plaintiffs' factual allegations).  The air-ambulance transports at the heart of each of these out-of-State Plaintiffs' claims did not take place in Illinois.  Myers Dec. ¶¶ 21–23; *supra* at 2–8 (summarizing Plaintiffs' factual allegations).  Air Evac did not undertake any Illinois-based efforts to collect payment from Plaintiffs or otherwise interact with them regarding the subject-matter of their

14

claims in the state, and Plaintiffs do not allege that any such Illinois-based activity took place.  Myers Dec. ¶¶ 21–23; *supra* at 2–8 (summarizing Plaintiffs' factual allegations).

It follows that this case "is analogous to" *Bristol-Myers*: the non-resident Plaintiffs' claims against Air Evac "involve[] no harm in Illinois and no harm to Illinois residents"; they "do not claim injuries" with any link to Illinois; "and all conduct giving rise to [their] claims occurred elsewhere." *BeRousse*, 2017 WL 4255075, at *4.  "There is no connection between Illinois" and their claims—indeed, *this entire case*—"is unconnected to Illinois but for plaintiff" Jeffrey Flynn (the sole Illinois resident).  *Id.*

Whatever reason Plaintiffs had for filing suit in the Southern District of Illinois, "even though their cases ha[ve] no tie to the State," the Constitution prohibits it from going forward.  *Ford*, 141 S. Ct. at 1031; *supra* at 12–13 (citing Illinois federal cases rejecting similar attempts).  This Court should dismiss all fifteen out-of-state Plaintiffs' claims for lack of personal jurisdiction.

## II.  THIS DISTRICT IS NOT THE PROPER VENUE FOR ANY NAMED PLAINTIFF'S CLAIMS

Plaintiffs' suit should also be dismissed for improper venue.  Plaintiffs invoke 28 U.S.C. § 1391(b)(2) as the purported basis for venue.  Section (b)(2) requires that a "substantial part of the events giving rise to the claim occurred" in this district.  28 U.S.C. § 1391(b)(2).  However, despite their obligation to bring suit in a permissible forum, Plaintiffs have not alleged a single fact that occurred in the Southern District of Illinois.

Flynn, the only Plaintiff who even lives in Illinois, resides in Morgan County, Illinois.  Compl. ¶ 68.  Morgan County is in the Central District of Illinois.  *See* 28 U.S.C. § 93.  He was transported from Jacksonville, Illinois (also in Morgan County) to Springfield, Illinois, which is in Sangamon County.  *See* Compl. ¶¶ 68–75.  Sangamon County is in the Central District of Illinois; indeed, court for the Central District "shall be held" in Springfield.  28 U.S.C. § 93.  As for the other fifteen out-of-state Plaintiffs, venue is not proper in this District for their claims, either.  No event or omission giving

rise to their claims occurred in the Southern District of Illinois, none of them reside in this District, and none of them were transported to or from this District. *See* Compl. ¶¶ 33–136; Myers Dec. ¶ 21–23. Accordingly, Plaintiffs have alleged no facts connected to this District and have come nowhere near meeting their burden to show venue is proper in the Southern District of Illinois. *See United States ex rel. Hedley v. ABHE & Svoboda, Inc.*, No. 11-CV-0348, 2014 WL 12740150, at *3 (S.D. Ill. Sept. 16, 2019).[3]

Because venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the interests of justice do not require transfer to another district. Courts in this Circuit have not hesitated to dismiss, rather than transfer, when plaintiffs cannot show a "belief that venue was proper was in good faith and reasonable." *Baity*, 2021 WL 1401460, at *3 (citing Wright & Miller, Fed. Prac. & Proc. § 3827); *see Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003) (concluding that "[t]he district court was justified in dismissing, rather than transferring" when sophisticated party filed in an obviously improper venue); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (the "proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one"). It is plain from the face of the Complaint that Plaintiffs' claims lack any connection to this District. Accordingly, there is no "reasonable basis for Plaintiffs' belief that jurisdiction and venue were proper in this district." *Baity*, 2021 WL 1401460, at *3. The case should be dismissed.

## CONCLUSION

This suit does not belong in the Illinois federal courts. At a minimum, it does not belong in *this* Illinois federal court. Air Evac respectfully requests that the Complaint be dismissed.

---

[3] "Where one party makes a bald claim of venue and the other party contradicts it, a district court may look beyond the pleadings to determine whether the chosen venue is appropriate." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809–10 (7th Cir. 2016).

Dated:  September 7, 2021

Joshua L. Fuchs
(*pro hac vice forthcoming*)
Nicole M. Perry
(*pro hac vice forthcoming*)
JONES DAY
717 Texas St. #3300
Houston, TX 77002-2712
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
jlfuchs@jonesday.com
nmperry@jonesday.com

Charlotte H. Taylor
(*pro hac vice forthcoming*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
ctaylor@jonesday.com

*Counsel for Defendant Air Evac EMS, Inc.*

Respectfully submitted,

*/s/ Kyle P. Seelbach*
Kyle P. Seelbach
HUSCH BLACKWELL
190 Carondelet Plaza, Suite 600
St. Louis, MO 63104
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505
Kyle.Seelbach@huschblackwell.com

*Counsel for Defendant Air Evac EMS, Inc.*

17

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 7, 2021, I caused the foregoing to be electronically filed via the Court's electronic filing system.  Notice of this filing will be sent by operation of that system to all parties indicated on the electronic filing receipt, including all counsel of record.  Parties may access this filing through the Court's system.

<u>/s/ Kyle P. Seelbach</u>
Kyle P. Seelbach
*Counsel for Defendant Air Evac EMS, Inc.*